IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSHUA SUSTAIRE,

        Plaintiff,

vs.                                                Case No. 13-CV-142-JHP

THE BOEING COMPANY, a Delaware
Corporation, BOEING
DEFENSE, SPACE AND SECURITY
and NICHOLAS BUELOW,

        Defendants.

## COMPLAINT
(JURY TRIAL DEMANDED)

COMES NOW, the Plaintiff, JOSH SUSTAIRE, and for his Complaint against the Defendants would state and allege the following:

### JURISDICTIONAL STATEMENT

1. The Plaintiff Josh Sustaire is a resident of Haskell County, State of Oklahoma which is located within the jurisdiction of the Federal District of Eastern Oklahoma.

2. Defendant The Boeing Company is a publicly traded company with its principle headquarters located in Chicago, Illinois. The Boeing Company will hereafter be referred to as "Boeing".

3. Defendant Boeing Defense, Space and Security is a company/corporation wholly owned by The Boeing Company whose operations principally involve research, production, development and support for its customers, primarily the United States government. This Defendant will hereafter be referred to as "BDSS".

4. Defendant Boeing Defense, Space and Security's business headquarters is located in St. Louis, Missouri.

5. Defendant Buelow is an individual believed to be residing in the State of Missouri.

6. At all times alleged herein Defendant Buelow was an employee/agent of either Defendant Boeing, Defendant BDSS, or both.

7. All actions complained of herein occurred within the jurisdiction of the Eastern District of Oklahoma and this Court is the appropriate venue for these proceedings.

8. Complete diversity exists between these parties and the Plaintiff's claims are in excess of $75,000.00, therefore this Court has jurisdiction over these matters.

## STATEMENT OF THE CASE

9. Plaintiff was at all times a civilian employee of the United States government employed at the McAlester Army Ammunition Plant located in Pittsburg County, State of Oklahoma.

10. Sometime prior to June 2010 Defendants Boeing and/or BDSS, entered into a contractual agreement with the United States Department of Defense or other United States department or agency, wherein employees at McAAP such as Plaintiff, would among other things provide primer and painting services for products owned by and/or manufactured by Defendants Boeing and/or BDSS.

11. The particular product(s) in question were the Massive Ordinance Penetrator (MOP) bombs.

12. In June 2010 the Plaintiff was working as a painter at McAAP.

13. In June 2010 the Plaintiff was approached by Defendant Buelow at the McAlester Army Ammunition Plant in Pittsburg County. Defendant Buelow represented to Plaintiff and others that he was there as a representative of either Boeing, BDSS or both.

14. Defendant Buelow stated that he was there to instruct and/or supervise the painting and priming of the MOP products. Defendant Buelow had the primer and paints with him that Boeing and/or BDSS required for the MOP.

15. Plaintiff had previously helped prepare the MOPs for priming and painting. After Buelow arrived Plaintiff received instructions from Buelow regarding the priming and painting of the MOPs.

16. Buelow attempted to mix the primer and paints in preparation for their application to the MOPs. Buelow contacted by telephone another employee at Boeing or BDSS and sought instructions regarding the mixing and application of the primers and paints. The Boeing or BDSS employee stated that he had never used this type of paint or primer with a paint gun sprayer. Despite this Buelow connected the primer and/or paints to a spray hose and instructed Plaintiff to begin applying them.

17. The primer and paint provided by Buelow had high levels of dangerous chemicals and compounds that required certain safety measurements be taken by person(s) during their application. These safety measurements included the use of independent air line respirators, full body protection and proper ventilation. Additionally, painters using these materials were required to have special training on their use. Additionally, the Industrial Hygiene office at McAAP was to be notified when painting and/or priming operations began with these products so that exposure sampling could be conducted.

18. Defendant Buelow gave none of these instructions to the Plaintiff, nor did Buelow inform the appropriate persons at McAAP that the painting operations were to begin so that exposure sampling could be conducted. Further, the area was not properly ventilated.

19. Plaintiff, under the direction and supervision of Buelow, began painting and priming the MOPs with the paints and primer produced by Buelow. Plaintiff was not given an air line respirator, nor proper protection from exposure to skin, nor proper instruction/training regarding the use of these materials. The area was not properly ventilated. Buelow did not warn Plaintiff

of any of the dangers of being exposed to these paints and primers.

20.  After being exposed to these paints and primers without proper protection the Plaintiff's health began to deteriorate.  Plaintiff continued applying these products to the MOPs for several months during which time his health continued to decline.

21.  Plaintiff's health condition continued to decline even after his painting work on the MOPs stopped.

22.  In approximately August 2011 Plaintiff was diagnosed with chemically induced hepatitis as a direct result of his exposure to the paints and primers provided by Defendant Buelow.

23.  Plaintiff's condition is permanent.

## VICARIOUS LIABILITY UNDER RESPONDENT SUPERIOR

24.  At all times alleged herein Defendant Buelow was an agent/employee of Defendant Boeing and/or BDSS and was working/acting within the scope of said employment and/or agency.

25.  Defendants Boeing and/or BDSS are liable to the Plaintiff for the negligent/wrongful acts of their agent/employee Buelow and all claims made against Buelow are also made against Defendants Boeing and/or BDSS.

## COUNT I: NEGLIGENCE

26.  Defendant Buelow owed a duty of care to Plaintiff that included warning, instructing and/or training Plaintiff about the proper usage of and dangers of the paints and primers Plaintiff applied to the MOP products under the supervision, instruction and/or direction of Defendant Buelow.

27.  Defendant Buelow owed a duty of care to Plaintiff that included supplying Plaintiff with the necessary and proper safety protection from the chemicals found in the paints and primers including air line respirator, skin protection clothing and ventilation and/or prohibiting Plaintiff

from using the paints and primers without such protection.

28. Defendant Buelow breached each of these duties of care to Plaintiff when he failed to warn, instruct, train Plaintiff about the proper and safe application of the paint/primer products, failed to supply him with proper ventilation, an air line respirator and skin protection, failed to prevent Plaintiff from painting without being properly instructed, trained and protected. Such actions and omissions by Defendant Buelow were negligent.

29. Plaintiff has been damaged as a direct result of the negligence of Defendant Buelow. Defendant Buelow and his employer/principals Boeing and/or BDSS are liable to Plaintiff for Plaintiff's damages.

30. Defendants are engaged in a business that is inherently dangerous–the application of toxic and hazardous chemicals to their products such as MOP. The paints and primers used to paint the MOPs contain chemicals that are inherently dangerous. Applying them is an inherently dangerous activity. Defendants each owed Plaintiff a higher duty of care than ordinary care due commensurate with the high level of danger in applying the toxic paints and primers as described.

31. Defendants breached its duty of higher care to the Plaintiff and caused him damages as a result.

32. Defendant's actions/omissions were in violation of applicable statutes, rules, regulations, ordinances, and/or codes. Defendants are liable to the Plaintiff for his damages that were caused by the violation of said statutes, rules, regulations, ordinances and/or codes.

33. Defendant's conduct that caused Plaintiff's damages was more than mere negligence or the breach of the duty of ordinary care. Defendant's conduct was done in reckless disregard for the rights of the Plaintiff. Defendants's conduct was grossly negligent. Defendant's conduct was

intentional and done with the purpose of maximizing profits and/or minimizing expenses.

## DAMAGES

34. The Plaintiff has been and will continue to be damaged as a direct result of the grossly negligent actions/omission of Defendants.

35. Plaintiff has suffered and will continue to suffer in the following ways, including but not limited to:

   a. Physical pain and suffering

   b. Emotional distress

   c. Mental pain and suffering

   d. Permanent injury and condition

   e. Loss of enjoyment of life

   f. Decreased life expectancy

   g. Loss of income

   h. Medical expenses including treatments, surgeries, medications

36. Plaintiff has been damaged in excess of seventy-five thousand dollars ( $75,000.00) Defendants are liable to Plaintiff for all of his past, present and future damages.

## PUNITIVE DAMAGES

37. Defendants have acted in a way that entitles Plaintiff to an award of damages that will serve to make an example of and deter and/or punish Defendants for their wrongful conduct. Plaintiff should be awarded punitive damages in excess of one million dollars ($1,000,000.00).

## PRAYER FOR RELIEF

38. Plaintiff prays that this Court grant him judgment against the Defendants, each of them, in an amount that will fairly and reasonably compensate him for his damages that are a direct result of

the negligence of the Defendants of not less than seventy-five thousand dollars ($75,000.00) and in an amount that will serve to make an example of, punish and/or deter Defendants of not less than one million dollars ($1,000,000.00) including interest, costs and attorneys fees and any other relief that this Court deems equitable and appropriate.

                                                Respectfully Submitted,

                                                /s/ Jeremy Beaver
                                                Jeremy Beaver, OBA #18645
                                                Gotcher & Beaver Law Office
                                                PO Box 160, 323 E. Carl Albert
                                                McAlester, OK.  74502
                                                (918) 423-0412
                                                Fax (918) 423-7363
                                                Attorney for Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED